

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable J. Finan Smith
County Auditor
Cherokee County
Rusk, Texas

Dear Sir:

Opinion No. 5971
Re: Minumum salaries allowed
by law to county clerk,
district clerk and county
judge of Cherokee County
under the provisions of
Art. 3912e, V.A.C.S., and
related questions.

We have received your recent request for an opinion on the following questions:

"FIRST. The salary of the County Clerk was set at $3,500.00 per year by an order of the Commissioner's Court in 1936 and has so been set and continued at that figure to this date. The annual report on file of the County Clerk for the year 1935 shows a gross EARNED fee of $8,938.52 all collected, with a collection of $233.75 of delinquent fees for 1934, making a total of $9,172.27 EARNED and COLLECTED. The authorized decutions for said office show $5,557.50 for deputy hire, $25.00 for premium on surety bond, $166.25 for postage and $5.10 for other expenses which left the County Clerk actually receiving $3,438.42 as net compensation for his services for the year 1935. In the light of these facts we would like to know if in your opinion the Commissioner's Court is to be governed by the gross fee of $8,938.-52 or the net fee of $3,438.42 in setting said officer's salary according to Art. 3912e, Section 13, (V.A.C.S.).

"SECOND. The salary of the District Clerk was set at $2,400.00 per year by an order of the

Commissioner's Court in 1936 and has so been set each year adn continued at that figure to this date. The annual report on file of the District Clerk for the year 1935 shows a gross EARNED fee of $3,060.98 with only $1,472.17 of this fee collected. Said report also shows an Ex-official compensation of $1,280.05 besides the gross fee above mentioned making a total of $4,341.03 as gross fees earned. The authorized deductions show $650.00 for deputy hire, $30.00 for premium on surety bond, $3.00 office supplies, $46.22 as postage and $7.00 for traveling expenses, leaving a net EARNED fee of $3,604.81. In the light of these facts what figure, in your opinion, should govern the Commissioners' Court in setting the salary of the District Clerk in accordance with Art. 3912e, Section 13, (V.A.C.S.).

"THIRD. The salary of the County Judge was set at $3,500.00 per year by an order of the Commissioner's Court in 1936 and has also been set each year and continued at that figure to this date. The annual report on file of the County Judge for the year 1935 shows a gross EARNED fee of $204.46 with authorized deductions of $15.00 for premium on surety bond. Said report also shows an Ex-official compensation allowed of $3,500.00. Should this Ex-officio compensation be included in determining what said officer's earned as compensation by him in his official capacity for the year 1935 and in your opinion has the Commissioner's Court set the salary of the County Judge within the limits mentioned in Art. 3912e, Section 13, (V.A.C.S.)

"FOURTH. Some of the salaries of other officials are not in line as shownby the annual reports on file for their office and realizing that the Commissioner's Court in the setting of their salaries might be void and the above refered to salaries may also be void (Nacogdoches County vs. Jenkins, 140 S. W. 2nd 901). Would the Commissioners' Court at its next meeting after hearing from you be permitted to re-set said salary or salaries again in accordance with your opinion and would said salary or salaries become effective as of January 1st of this year, or only be

increased for the remainder of the year, or from
the time application for increase was applied
for?

"FIFTH. We would further like to know, if
in your opinion, the Commissioner's Court is bound
by the annual reports on file for said officers
for the year 1935, and if not, who is to deter-
mine and when and how are they to determine what
is the correct figure to govern in setting the
salary or salaries of the officials mentioned in
Art. 3912e, Section 13 (V.A.C.S.)

"SIXTH. Article 3912e reads in part, 'Each
of said officers shall be paid in money an annual
salary in twelve equal installments of not less
than the total sum EARNED as compensation by him
in his official capacity for the year 1935.' Does
this mean, in your opinion, the GROSS EARNINGS of
said office or the NET EARNINGS of said office,
after deducting all expenses of said office?"

The population of Cherokee County is 43,970 inhabit-
ants, according to the 1940 Federal Census. The 1930 Federal
Census showed a population for said county of 43,180 inhabit-
ants. Therefore, Article 3912e, Vernon's Annotated Civil Stat-
utes, commonly known as the "officers' Salary Law' is aplicable
to said county.

Under the provisions of Art. 3912e, V.A.C.S., your
Commissioners' Court is authorized and it is its duty to fix the
annual salaries of the County Clerk, District Clerk and County
Judge of Cherokee County at an amount "of not less than the
total sum earned as compensation by him in his official capa-
city for the fiscal year 1935, and not more than the maximum
amount allowed such officers under laws existing on August 24,
1935." Said article further provides for an increase of said
maximum amount allowed in counties coming within certain popula-
tion brackets and having certain assessed property valuations.

Our Opinion No. O-345, in response to a question
whether the expenses for deputy hire, premium on surety bond,
telephone and postage should be deducted from the total re-
ceipts of the office in computing the "total sum earned as com-
pensation by him in his official capacity," holds that the Com-
missioners' Court should deduct from the total compensation

earned, collected and uncollected, the expenses of the office for the year 1935 which were legally allowed by the Commissioners' Court for that year.

Our said Opinion No. O-345 also holds that the exofficial salary paid an officer in 1935 should be taken in consideration in computing the minimum salary of such officer under the present law.

Art. 3883, V.A.C.S., provides that, except as otherwise provided in this Act, the annual fees that may be retained by the county judge, county clerk and district clerk in counties having the population of Cherokee County shall be Thirtyfive Hundred ($3500.) Dollars each.

Art. 3891, V.A.C.S., provides that such officers shall first out of the current fees of his office pay or be paid the amount allowed him under the provisions of Art. 3883, together with the salaries of his assistants and deputies, and authorized expenses under Art. 3899, and the amount necessary to cover costs of premium on whatever surety bond may be required by law, and if the current fees of such office collected in any year be more than the amount needed to pay the amount above specified, same shall be deemed excess fees, adn such officers shall retain one-third of such excess fees until such one-third, together with the amount specified in Art. 3883, amounts to Forty-two Hundred and Fifty Dollars ($4250).

Said Arts. 3883 and 3891, V.A.C.S., were existing and applicable to Cherokee County on August 24, 1935.

Therefore, in answer to your first question, in order to determine the minimum salary to be allowed we must deduct the dauthorized expenses ($5,733.85) from the gross rearned fees of $8,938.52. The amount of $233.75 collected as delinquent fees in 1935 is not to be considered here because same was not earned in 1935. After such deductions for authorized expenses, we have a remainder of $3,204.67, dwhich is the actual amount of currentfees that such officer was allowed to retain as compensation for the year 1935. This sum of $3,204.67 is the minimum figure by which your Commissioners' Court is governed in fixing the salary of the county clerk. The maximum figure is $4,250.00.

In view of the foregoing, we answer your second question as follows: To arrive at the minimum figure that is to

govern said Commissioners' Court infixing the Dixtrict Clerk's salary for the current year, we must determine the exact amount of current fees that such District Clerk would have been allowed to retain as compensation for his services in the year 1935 if such fees earned had all been collected by him. After all authorized deductions were made, you show the amount of $3,604.81 as net earned fees for the year 1935. Under said Art. 3883, V.A.C.S., the annual fees that may be retained Art. 3883, V.A.C.S., the annual fees that may be retained by the District Clerk amounted to $3,500.00. This leaves $104.81 that is to be treated as excess fees according to the provisions of said Art. 3891, V.A.C.S. One-third of such excess fees amounts to $34.93 2/3. This one-third of the excess fees may also be retained by said District Clerk. Therefore, the sum of $3,534.93 2/3/ is the exact amount that such District Clerk would have been allowed to retain in 1935 if all fees earned had been collected, and this is the minimum figure governing the Commissioners' Court in fixing the District Clerk's salary for the current year. The maximum figure is $4,250.00.

Your third question is answered as follows: The earned fees of $204.46, less authorized deductions, must be treated as excess fees under said Atr. 3891, V.A.C.S., as the ex-officio compensation received by your county judge in 1935 exactly equaled the amount allowed him under said Art. 3883, V.A.C.S. After deducting the authorized expenses, such excess fees amount to $189.46. Therefore, only one-third of such excess fees could have been retained by said officer according to law. This one-third ($63.15 1/3) added to $3,500.00 equals $3,563.15 1/3, which is the minimum amount which governs the Commissioners' Court in fixing the salary of said county judge for the current year. Obviously, the present amount received by your county judge ($3,500.00) is not within the limits provided in Art. 3912e, Section 13, V.A.C.S. The maximum figure is $4,250.00.

Our answer to your fourth question is as follows: Our Opinions Nos. 0-1595 and 0-6223 each hold in substance that the Commissioners' Court has the right and authority to fix the salaries of such officers within the specified limits, and when such salaries have once been fixed, they cannot be changed during that year.

This brings before us the question whether the Commissioners' Court in setting salaries of officers in amounts not authorized by law, fixed such salaries within the contemplation of the next above holdings. We do not think so. In

the case of Nacogdoches County v. Jinkins, (Civ. App. - writ refused) 140 S. W. (2d) 901, an order of the Commissioners' Court fixing the district clerks' salary at a sum less than the minimum fixed by law was held void, and a judgment in favor of said clerk for the difference between the salary paid him and the minimum salary allowed him by law was affirmed. (Also see Nacogdoches Co. v. Winder (Civ. App. - writ refused) 140 S. W. (2d) 972, for similar ruling on judgment in favor of County Clerk.) Therefore, it is our opinion that in such cases where the salaries have not been fixed lawfully, the Commissioners' Court during the current year should fix the salaries of the county officers named in Sec. 13 of Art. 3912e, V.A.C.S., as directed by said article, for the year 1945.

Such salaries, when fixed according to law, would be annual salaries, payable in twelve equal installments. The difference between the monthly sums paid such officersduring the year before the salaries were fixed and the amount of the monthly installments of such salaries after same are fixed for said year according to law would be due and payable to the officers involved. In no case could these annual salaries be fixed for a year that had expired. (See Commissioners' Court of Nacogdoches County v. Winder et al, 113 S. W. (2d) 277.)

We answer your fifth question as follows: Art. 3896, V.A.C.S., provides that each district, county and precinct officer shall keep a correct statement of all fees earned by him, etc., and that it shall be the duty of the county auditor to annually examine the books and accounts of such officers and report his findings to the grand jury or to the district court.

Art. 3897, V.A.C.S., provides that each district, county and precinct officer shall make, at the close of each fiscal year, a report showing the amount of all fees and compensations earned during the fiscal year, and showing the amount of same collected, and itemizing that part of same not collected, showing the name of the party owing such uncollected fees, commissions and compensations.

The annual reports are not conclusive proof of the truth of the facts stated therein, and are not binding on the Commissioners' Court in determining the amount of annual salary to pay its officers. See 34 Tex. Jur. p. 600.

We believe the actual amount of all fees and commissions earned by the officer may be determined to the satisfaction of the Commissioners' Court, by the county auditor's discharge of the duty imposed on him by said Art. 3896, V.A.C.S.

Your sixth question is fully answered herein by our answers to your first, second and third questions.

We are enclosing herewith copies of said opinions Nos. 0-345, 0-1595, and 0-6223, which fully set out the text of the statutes in question.

We trust the foregoing fully answers your questions.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By         /signed/
    Robert L. Lattimore, Jr.
           Assistant

RLL:LJ
encls.

APPROVED MAY 12, 1945
/s/ Carlos C. Ashley
FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
Opinion Committee
By /s/ G.W.B.
    Chairman